**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 12:21CR00063-001 |
| vs. | : | |
| WILLIS CRUZ | : | JUDGE SARGUS |
| Defendant. | : | |

**SENTENCING MEMORANDUM OF DEFENDANT WILLIS CRUZ**

**I.      INTRODUCTION**

Defendant Willis Cruz is before the Court for sentencing following his guilty plea to conspiracy to possess with intent distribute heroin in violation of 21 U.S.C. §§841(a)(1), (b)(1)(C), and 846. The probation officer calculated the Sentencing Guideline range based on a total offense level of 17 and criminal history category I, resulting in a Guideline range of 24-30 months. There are no outstanding objections to the PSR. Additionally, Defendant moves for a downward variance based on his limited criminal history, acceptance of responsibility, post-offense rehabilitation and remarkable progress in addiction recovery while on pretrial release. He is asking for an alternative sentencing option that allows him to continue with his already proven effective treatment plan, continue to work and provide for his family and be present for his fiancé and children. He respectfully submits that his request appropriately reflects the §3553(a) considerations.

**II.      SENTENCING FRAMEWORK**

The Court is tasked with imposing "a sentence sufficient, but not greater than necessary," to vindicate Congress' sentencing mandate, set forth in 18 U.S.C. § 3553(a)(2). The Court must *United States*, 128 S. Ct. 586, 596 (2007). However, this guideline range is only "the starting point

and the initial benchmark." The Court "may not presume that the Guideline range is reasonable. *Id*. at 596-97. A sentencing court is "free to make its own reasonable application of the 18 U.S.C. § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough v. United States*, 552 U.S. 85, 113 (2007) (Scalia, J., concurring). "[E]xtraordinary circumstances [are not required] to justify a sentence outside of the Guidelines range." *Gall* at 595.

### III. SENTENCING GUIDELINES

The probation officer made the following guideline calculations in this case:

| | |
|---|---|
| Base Offense Level § 2D1.1 | 24 |
| Safety Valve Reduction § 2D1.1(b)(18): | -2 |
| Minor Participant Reduction | -2 |
| Acceptance of Responsibility | -3 |
| **TOTAL OFFENSE LEVEL** | **17** |

| | |
|---|---|
| Criminal History Category | I |
| Advisory Guideline Range | 24-30 months |

As discussed in detail below, while there are no objections to the probation officer's Guideline calculations, the circumstances of the offense and Mr. Cruz's significant strides towards addiction recovery warrant a variance to mitigate an otherwise overly harsh Guideline sentence.

### IV. §3553(a) FACTORS

#### a. Nature and Circumstances of the Offense

For over four years prior to his arrest, Willis was a slave to his heroin addiction and the daily routine of going to a methadone clinic (PSR, ¶ 61). For more than two years prior to his arrest, Willis would get up every morning and drive to the methadone clinic at the other end of town and wait in line for his treatment.1 Even though he continued to use heroin during this time

---

1 Records confirming the years that Mr. Cruz sought and received methadone maintenance treatment at Premier Care in Columbus, Ohio, were provided to the U.S. Probation Officer on the date of this filing.

2

period, he believed that he was at least trying to get better and the methadone helped curb his cravings enough to prevent his addiction from escalating. During all these years, even though he had small children and a family to care for, he felt like a failure because his daily routine focused on managing his addiction. He felt powerless to make any changes and the fear of the dope sickness associated with opiate withdrawal rendered him incapacitated.

Willis became involved with the conspiracy when he was heroin dependent and locked into his daily routine of methadone and heroin use. He made no money from his involvement in the conspiracy and consumed most of the heroin provided to him. He also felt that because he made no money from the conspiracy, he was insulating himself from being held responsible for distributing drugs. He now understands that he was wrong.

Prior to his arrest, law enforcement agents knew that Willis had a daily routine that rarely changed. As a result, on October 20, 2020, they were waiting for him at the methadone clinic. When they approached him, he was already late and already experiencing significant withdrawal symptoms. By the time he appeared for his initial appearance, he was barely coherent and had difficulty staying seated in his chair without falling to the ground. Shortly after the initial appearance, pretrial services arranged for him to go to Woodhaven Residential Treatment Center in Dayton, Ohio (PSR, ¶ 12).

Initially, Willis felt that being sent to an in-patient treatment center was unfair and would prevent him from providing for his family. Prior to his arrest, he was the sole provider for his family (PSR, ¶ 73). However, shortly after being admitted, he realized that the treatment center enabled him to do what he had been unable to do for years. He was off methadone, heroin and all drugs for the longest period of time in his adult life. After his successful completion of the three-

3

month program, he returned home as a person who could fully commit himself to his family and a promising future that did not involve the daily trek to the methadone clinic that was followed by afternoon and evening heroin use. He now believes that his arrest on October 20, 2020 saved his life.

    b.  **History and Characteristics of the Defendant**

Willis is 44 years of age and is an active father of two small girls (PSR, ¶¶44, 50). Because of his family ties in the Dominican Republic, he spent a significant portion of his childhood in the Dominican Republic and could only speak Spanish. As a result, when he attended school in New Jersey, he struggled to keep up and was treated as though he was lazy and/or had a learning disability. Ultimately, he dropped out of school before completing the 11th grade (PSR, ¶ 65). This occurred without much resistance from his father because the family owned a bodega in New Jersey and relied on Willis to help run the store.

Willis's parents divorced when he was young and required him to move back and forth between the Dominican Republic and New Jersey. He was raised in a strict environment that included severe physical punishment and little patience for his sadness and anxiety associated with growing up in a difficult environment and feeling like he never fit in. Even though he did not succeed in school, he was talented at fixing and restoring cars and construction related work. He continues to rely on these skills to provide for his family. He would benefit from additional vocational training. He is already committed to obtaining his GED (PSR, ¶ 65).

As explained above, Willis is grateful for this experience and the life-saving treatment he received and continues to receive. After successfully completing the program at Woodhaven, he connected with Freedom Recovery and engaged in a mental health treatment program (PSR, ¶12).

4

This assistance has been life-changing and was instrumental in his commendable performance while on pretrial release (PSR, ¶12).

Willis has only one criminal history point from a misdemeanor traffic matter (physical control while under the influence of alcohol) and only one prior felony conviction (possession of a controlled substance within 1,000 feet of school property) from 22 years ago (PSR, ¶¶36-37). Both matters are reflective of a person who has struggled with a substance abuse disorder for his entire adult life.

### c. The Need to Provide the Defendant with Needed Education or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.

Now that Willis has had a successful extended period of sobriety, he is confident in his ability to obtain and maintain steady and fulfilling employment. He is committed to continuing with his treatment plan as directed by Freedom Recovery and is excited and eager to see what he can achieve. The PSR also reflects that he has done well while on pretrial supervision and is in the process of trying to obtain his GED. He intends to continue with his treatment and fight for his sobriety regardless of the sentence imposed.

### d. Just Punishment, Adequate Deterrence, Protection of the Public, and Provision of Services / The Need to Avoid Unwarranted Sentencing Disparities

Willis has made the most of the opportunities given to him by this Court and has therefore demonstrated that he is deserving of a second chance. He is worthy of an alternative sentence that ensures the additional resources and continued family support that he would not get in prison. He also plays a critical role in his family unit as a provider, fiancé and father to his two young daughters. These facts, coupled with his limited criminal history demonstrates that the public does not need to be protected from him.

## V. CONCLUSION

Willis is a stoic, hard-working and deeply loyal family man who had been plagued by substance abuse and addiction his entire adult life. While the instant offense is a serious crime that warrants punishment, he should also be encouraged to continue with this existing treatment plan.

In light of all of the aforementioned factors, Defendant Willis Cruz respectfully requests a mitigating sentence that focuses on intensive supervision, counseling, and treatment. He further submits that such a creative and multi-faceted sentence would be sufficient, but not greater than necessary, to accomplish the goals of sentencing codified in 18 U.S.C. §3553(a)(2).

Respectfully submitted,

/s/ Rasheeda Z. Khan
Rasheeda Z. Khan (0075054)
Peterson Conners, LLP
545 Metro Place South, Suite 435
Dublin, Ohio   43017
(614) 745-8849
rkhan@petersonconners.com
Attorney for Defendant Willis Cruz

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of Sentencing Memorandum of Defendant Willis Cruz was electronically served upon Michael Hunter, Assistant United States Attorney, Office of the United States Attorney, Suite 200, 85 Marconi Boulevard, Columbus, Ohio 43215, via the Clerk's electronic filing system on this 7th day of September, 2021.

                                              /s/ Rasheeda Z. Khan
                                              Rasheeda Z. Khan